UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEL MARIN,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN BAHR, et al.,<br><br>　　　　　　　Defendants, | Case No.: 3:25-cv-0600-CAB-BLM<br>Case No.: 3:25-cv-1242-CAB-DDL<br>Case No.: 3:25-cv-1248-CAB-DDL<br><br>**ORDER:**<br><br>**(1) GRANTING MOTIONS TO PROCEED IFP;**<br><br>**(2) DENYING MOTION TO WITHDRAW REFERENCE; and**<br><br>**(3) DISMISSING COMPLAINTS WITH PREJUDICE** |
| MEL MARIN,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>RONALD FRAZIER, et al.,<br><br>　　　　　　　Defendants, | |

1

| | |
|---|---|
| 1 | MEL MARIN, |
| 2 | Plaintiff, |
| 3 | v. |
| 4 | ADELLA DE LA TORRE, et al., |
| 5 | Defendants, |

Plaintiff Mel Marin[1] is a serial, pro se litigator in this district and others around the country for the last three decades. *See, e.g., Marin v. Escondido Care Ctr.*, No. 3:11-cv-1610-AJB-JMA, 2012 WL 5463688, at *2 n. 3 (S.D. Cal. Nov. 7, 2012) (compiling over forty state, district, and appellate cases brought by Marin that resulted in dismissal or affirmation of dismissal). Various courts, including one in this district, have held Plaintiff to be a vexatious litigant and barred him from filing litigation relating to various causes of action without seeking leave from the court. *See, e.g.*, *Marin v. Escondido Care Ctr.*, 3:11-cv-1610-AJB-JMA (S.D. Cal. Dec. 20, 2012), Doc. No. 33; *see also Marin v. Trumbull County Prob. Ct.,* 2012 WL 1593230 (2012–Ohio–2011) (dismissing Marin's complaint because of his status as a vexatious litigant). In addition to the three cases addressed by the Court in this order, Plaintiff has at least five other cases pending with other courts in this district. *See, e.g*, 3:23-cv-02118-DMS-MMP (*Marin v. Viernes, et al.*); 3:25-cv-01240-RSH-VET (*Marin v. The People's Republic of China*); 3:24-cv-01651-JAH-DTF (*Marin v. Rajaram, et al.*). Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, he filed motions to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [*Marin v. Bahr, et al.*, 3:25-cv-0600-CAB-BLM

---

[1] Plaintiff presents his name variably in different cases as Mel Marin, Melvin M. Marin, Melvin Milivoj Marin, Melvin Marinkovic, and more.

2

Case No.: 3:25-cv-0600-CAB-BLM
Case No.: 3:25-cv-1242-CAB-DDL
Case No.: 3:25-cv-1248-CAB-DDL

("*Marin I*"), Doc. No. 2.; *Marin v. Frasier, et al.*, 3:25-cv-1242-CAB-DDL ("*Marin II*"), Doc. No. 2; *Marin v. De La Torre, et al.*, 3:25-cv-1248-CAB-DDL ("*Marin III*"), Doc. No. 2.] For the reasons outlined below, the Court **GRANTS** Plaintiff's IFP motions, **DENIES** Plaintiff's motion to withdraw reference, and **DISMISSES** the complaints against Frazier, et al., and De La Torre, et al.

## I. Motion to Proceed IFP

Generally, all parties instituting a civil action in this Court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). But under 28 U.S.C. § 1915(a), the Court may authorize any suit's commencement, prosecution, or defense without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). Granting or denying leave to proceed IFP in civil cases is within the district court's sound discretion. *See Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

Plaintiff states his monthly income at $1,315 from retirement and disability benefits. [*Marin II*, Doc. No. 2 at 2.] He states his monthly expenses at $1,540 with sufficient particularity. [*Marin II*, Doc. No. 2 at 5.] His IFP applications are all nearly identical. [*See Marin I*, Doc. No. 2; *Marin III*, Doc. No. 2.] As Plaintiff is unable to pay court costs and still afford life necessities, the Court **GRANTS** his applications.

## II. Screening of the Complaint Pursuant to 42 U.S.C. § 1915(e)(2)(B)

A plaintiff seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to sua sponte dismissal if the complaint is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.

2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

### A. Marin v. Bahr

On March 13, 2025, Plaintiff filed a motion for withdrawal of reference of bankruptcy case "24-4690-JBM 13." [*Marin I*, Doc. No. 1.] Withdrawal is mandatory when the court must interpret a non-title 11 statute or "undertake analysis of significant open and unresolved issues regarding [] non-title 11 law" and "other laws of the United States regulating organizations or activities affecting interstate commerce." *See In re Tamalpais Bancorp*, 451 B.R. 6, 8–9 (N.D. Cal. 2011); *see also* 28 U.S.C. § 157(d). Withdrawal is permissive "for cause shown." 28 U.S.C. § 157(d).

Plaintiff's motion is rambling, confusing, and largely incomprehensible. Plaintiff states that he seeks to withdraw bankruptcy proceedings 24-90106-JBM, 24-90107-JBM, and 25-90011-JBM, which pertain to quieting and turning over title on a home Plaintiff's sister owned and discharging student loans. Plaintiff complains that Wells Fargo foreclosed the home and evicted Plaintiff. He also states that he "seeks to void an adverse decision of this district court in *Marin v. Bahr*, 23-cv-336 (S.D. Cal. June 24, 2024) and other federal court dismissals unrelated to these parties." [Doc. No. 1-1 at 15.] Plaintiff also seeks to challenge a state vexatious litigant statute as violating the Supremacy Clause.

Plaintiff fails to demonstrate that any non-title 11 statute needs to be interpreted, or any significant and unresolved non-title 11 issue/statute needs to be analyzed in his bankruptcy case(s). He argues that a tolling issue necessitates withdrawal of reference, confusingly stating that this "federal issue giv[es] the bankruptcy court power to void the

4

state judgment against sister in 2019 which was based on the state Judge Frazier refusing to toll statutes of limitation for sister." [*Marin I*, Doc. No. 1-1 at 3–4.] Beyond the fact that Plaintiff does not make clear what the precise, relevant non-title 11 issue is, Plaintiff's goal of overturning decisions by other district courts and state courts through his bankruptcy case, whether with the bankruptcy court or this Court, has no legal basis. *See MacKay v. Pfeil*, 827 F.2d 540, 543 (9th Cir. 1987) (holding that federal courts "may not serve as appellate tribunals to review errors allegedly committed by state courts"); *see also Holgerson v. Paramo*, No. 3:19-cv-02286-JLS-RBB, 2020 WL 434316, at *2 (S.D. Cal. Jan. 28, 2020) (a district court "cannot overturn or modify the decision of another District Court.").

Furthermore, Plaintiff argues that Defendant Vanguard's alleged fraudulent transfer of the house deed affects interstate commerce because it was done through either mail, wire, or the internet. Plaintiff's case citations and parentheticals for this assertion provide zero support and appear largely irrelevant to the argument he makes. Regardless, the Court is unconvinced that this is sufficient to withdraw the reference. Indeed, "[h]aving the bankruptcy court submit proposed findings of facts and conclusions of law in fraudulent conveyance cases 'promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them.'" *In re We Ins. Servs., Inc.*, No. 3:19-cv-1007-CAB-NLS, 2019 WL 2436428, at *3 (S.D. Cal. June 11, 2019) (denying motion to withdraw reference) (citing *In re Healthcentral.com*, 504 F.3d 775, 787–88 (9th Cir. 2007)). Plaintiff's motion is **DENIED**.

### B. Marin v. Frazier

On May 14, 2025, Plaintiff filed a complaint against Defendants Superior Court Judge Ronald Frazier, Sheriff Kelley Martinez, San Diego County, The Vanguard Group, and John Bahr for various constitutional violations. [*See generally*, *Marin II*, Doc. No. 1.] Like his other filings, Plaintiff's complaint is convoluted and difficult to follow. Plaintiff complains that Judge Frazier "applied that Scarlet Letter . . . to deny this plaintiff's

5

application for that minimally paid almost volunteer work." Plaintiff appears to be referring to his classification as a vexatious litigant in San Diego County courts, but as to what volunteer work or situation Plaintiff is referencing, the Court cannot glean. Nonetheless, Plaintiff's claims are conclusory as he merely alleges that "Judge Frazier violated the due process clause of the 14[th] amendment to the Constitution by punishing this plaintiff in his personal life and professionally, for . . . filing [] lawsuits." [*Marin II*, Doc. No. 1 at 4.] He seeks damages and an injunction against Judge Frazier. Judges are "absolutely immune from liability" for actions taken within the scope of their judicial authority. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). As Plaintiff appears to challenge Judge Frazier for his judicial conduct, Judge Frazier is entitled to immunity. Accordingly, Plaintiff's claims against him are dismissed. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) (holding that district courts cannot review state court actions).

The claims against the remaining Defendants are similarly meritless. Against San Diego County, Plaintiff cites multiple alleged actions in state court proceedings that he asserts constitute constitutional violations, such as the "Court of Appeal for the 4[th] District refusing to allow [] plaintiff an appeal" and "refusing to rule on [] plaintiff's motion to seal his medical records." [*Marin II*, Doc. No. 1 at 13.] Against Sheriff Martinez, John Bahr, and the rest, Plaintiff alleges a "cabal" stole Plaintiff's home through a forged deed and that the Sheriff failed to stop their deputy from facilitating the theft and break in. [*Marin II*, Doc. No. 1 at 15.] Plaintiff appears to be referencing a foreclosure and eviction[2], which he is apparently challenging in bankruptcy court. Plaintiff's claims are fanciful and conclusory, and he fails to provide any facts demonstrating that the alleged foreclosure and eviction constitute violations of the First and Fourteenth Amendments. Plaintiff's complaint is **DISMISSED** with prejudice.

---

[2] Plaintiff states that the basis for the eviction was "the supposed failure of plaintiff's privy Bauman to timely answer the eviction complaint by August 1, 2024." [*Marin II*, Doc. No. 1 at 15.]

### C. Marin v. De La Torre

On May 15, 2025, Plaintiff filed a complaint against Defendants Adella De La Torre, president of San Diego State University, and The California State University. Plaintiff alleges that Defendants violated the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and the First and Fourteenth Amendments when they allegedly refused him an accommodation before he registered for classes.

Plaintiff alleges he was denied accommodation as retaliation for filing a lawsuit against Defendants years earlier for a similar disability accommodation claim. The district court granted summary judgment for Defendant Board of Trustees of the California State University in that case last year as Plaintiff did not "meet the requisite standards to participate in the educational programming." *Marin v. Bd. of Trs. of California State Univ.*, No. 3:21-cv-01445-JO-MMP, 2024 WL 3732043, at *2 (S.D. Cal. Aug. 8, 2024). The court dismissed the case with prejudice. *Id.* at 3. Plaintiff's claims here are insufficient to survive dismissal as they consist of wholly conclusory statements and are riddled with other pleading shortfalls.

Plaintiff does not plead what his protected disability is under the ADA or RA,[3] what accommodation he sought from Defendants, what classes he sought to register for, what the classes' requisite standards were and how he met them, or any facts that indicate he was discriminated against because of his disability or that Defendants were deliberately indifferent to his disability. *See McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004); *see also Bresaz v. County of Santa Clara*, 136 F. Supp. 3d 1125, 1135–36 (N.D. Cal. 2015) ("Where . . . a party alleges that he . . . is disabled under the ADA, courts have generally required the party to plead the disability with some factual specificity."); *see also*

---

[3] Plaintiff merely states that "a half-dozen medical specialists have signed written statements verifying that Mel has a disability described under Title 42 United States Code Section § [sic] 12102." He does not incorporate or attach these statements nor describe his alleged disability.

*Zukle v. Regents of Univ. of California*, 166 F.3d 1041, 1045 n. 11 (9th Cir. 1999) ("There is no significant difference in the analysis of the rights and obligations created by the ADA and the Rehabilitation Act.").

Plaintiff admits that Defendants directed him to pay for the classes first, as is apparently required to register, but he did not because that "was just a pretext or 'cover story' excuse to discriminate . . . . because [he] already did pay for a class in February 2020 and [Defendants] refused to direct the disabilities office to process it." [*Marin III*, Doc. No. 1 at 6.] Plaintiff appears to be referring to the events that were the impetus for his earlier, dismissed claim against the same Defendants. Moreover, to recover monetary damages under Title II of the ADA as Plaintiff seeks, he must prove intentional discrimination through deliberate indifference. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). Plaintiff's attempted showing of deliberate indifference rests on the statement that Defendants "[did] nothing, except to demand money." [*Marin III*, Doc. No. 1 at 8.] This is insufficient.

Lastly, Plaintiff's constitutional claim that Defendants retaliated against him for requesting an accommodation similarly fails. For a First Amendment retaliation claim, Plaintiff must plausibly allege that Defendants' adverse action was motivated as a response to Plaintiff's exercise of a constitutionally protected right. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989). However, the closest thing he offers is the conclusory statement that Defendants "pursued deliberate punishment . . . for his complaints about the college's disabilities violations." [*Marin III*, Doc. No. 1 at 10.] Plaintiff also nominally includes the Fourteenth Amendment in his cause of action but does not address how it is implicated in any manner, only stating "[Plaintiff] seeks and is entitled to . . . remedies . . . based on these violations of due process and retaliation under the 1st and 14th Amendments to the Constitution." [*Marin III*, Doc. No. 1 at 12.] As Plaintiff fails to satisfy the requirements to establish any ADA, RA, or constitutional claim, the Court **DISMISSES** the complaint with prejudice.

### III.  CONCLUSION

Plaintiff's IFP applications are **GRANTED**, his motion for withdrawal of reference is **DENIED**, and his complaints in *Marin v. Frazier* and *Marin v. De La Torre* are **DISMISSED with prejudice**.

It is **SO ORDERED**.

Dated: May 23, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge

Case No.:  3:25-cv-0600-CAB-BLM
Case No.:  3:25-cv-1242-CAB-DDL
Case No.:  3:25-cv-1248-CAB-DDL